BEACH *against* CLARK.

W here the defendant, in an action of trespass *quare clausum fregit,* justified under the license and authority of *A.,* who was alleged to be "the true and lawful owner of the land, and was lawfully seised and possessed thereof;" and in support of such plea, the defendant offered in evidence a mortgage deed from *B.,* the grantee of *C.,* under whom both parties claimed, to *A.,* after the expiration of the law-day, but before foreclosure, and also before any surrender of the mortgaged premises to, or possession by *A.;* it was held, that such evidence was admissible.

This cause, having been entered in the docket of the superior court, on reversal of the judgment of the county court, pursuant to the decision of the supreme court of errors, (ante 142—165 ) was tried again at *Litchfield, February* term, 1827, before *Lanman,* J.; the issue being on the defendant's plea of title in *Abby Betsey Mills,* originally pleaded before the justice.

To establish the alleged title, in *A. B. Mills,* the defendant read in evidence a deed from *Benjamin Beach,* (the original owner of the land in controversy, and under whom both parties claimed,) to *Lydia Mills,* from whom, according to the defendant's claim, *A. B. Mills* derived her title, and then offered a subsequent mortgage deed from *Lydia Mills* to *A. B. Mills,* unaccompanied by any evidence that the mortgaged premises had been surrendered to *A. B. Mills,* or that she had ever taken possession. The condition of the mortgage deed had been broken ; but no foreclosure had been obtained. To the admission of the latter deed the plaintiff objected ; and the judge ruled it out.

In the progress of the trial, the defendant offered *Lydia Mills,* the mortgagor, to prove a surrender to the mortgagee of the mortgaged premises ; and that the mortgagee was, at the time of the alleged trespass, and down to the time of trial, in possession ; the witness having, during the trial, released her interest to *Phineas Miner,* Esq.. The plaintiff objected to the competency of the witness offered, on the ground that she had a direct interest in the event of the suit, as if the surrender was established, she would be exonerated from liability to *A. B. Mills,* or the owner of the land, for the rents and profits. The judge excluded the witness; and the plaintiff obtained a verdict. The defendant moved for a new trial, on the ground that these decisions were incorrect.

*Bacon* and *P. Miner,* in support of the motion.

*J. W. Huntington,* and *D. C. Sanford,* contra.

PETERS, J. By the execution and delivery of the mortgage deed, the mortgagee became the legal owner of the land in question, and lawfully seised and possessed of the same, by a title defeasible until the expiration of the law-day, and indefeasible afterwards ; and could, at any moment, maintain an action of trespass or ejectment against the mortgagor, or any other occupant, without her consent. " The delivery of a deed, whether a mortgage or a clear deed," said the late Judge *Smith* in *Wakeman* v. *Banks*, 2 *Conn. Rep.* 4 51." is tantamount to livery of seisin, and will enable the grantee to bring forward his action against the grantor, who shall withhold possession from him." *A fortiori*, may the mortgagee justify her own or her servant's entry against a stranger, a *mere squatter*, without colour or pretence of title. Indeed, the question is not, whether the defendant, or his lessor, have a perfect title, but whether a record title is not better than none. This question has been so frequently and so recently decided, by this Court, that it would be a work of supererrogation to discuss it on principle or authority. See *Rockwell* v. *Bradley*, 2 *Conn. Rep.* 1. *Wakeman* v. *Banks*, 2 *Conn. Rep.* 448. *Clark* v. *Beach*, ante 142. I am satisfied with these decisions ; and in the language of the late Ch. J. *Swift*, sincerely hope, that this source of litigation is exhausted.

Having no doubt on this point, I give no opinion on the other, and advise a new trial.

The other Judges were of the same opinion, except BRAINARD J., who was absent ; HOSMER, Ch. J. concurring solely on the authority of *Clark* v. *Beach*, ante 142.

New trial to be granted.